**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**CHRISTIANA HILL MOSELEY,**

       **Plaintiff,**

vs.                                      Case No. 8:12-cv-2666-T-30EAJ

**MCKESSON MEDICAL-SURGICAL, INC.,**

       **Defendant.**
_____/

**CASE MANAGEMENT REPORT**

    1.    Meeting of Parties:  Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held on February 15, 2013 (date) at 10:00 a.m. (time) (check one) (X) by telephone (or) (__) at _____ (place) and was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| **Luis A. Cabassa** | **Plaintiff** |
| **Sacha Dyson for Gregory A. Hearing** | **Defendant** |

    2.    Initial Disclosures:

    a.  Fed. R. Civ. P. 26(a)(1) as amended December 1, 2000 provides that "[e]xcept in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties: (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information; (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment; (C) a computation of any category of damages claimed by the disclosing party, making

available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and (D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P.26(a)(1).[1]

The parties (check one)

__X__    have exchanged information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) or agree to exchange such information on or before **March 18, 2013** (date).[2]

_____  stipulate to not disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) for the specific reason(s) that:
_____
_____
_____
_____

_____  have been unable to reach agreement on whether to disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D). (Identify party or parties) _____ objects to disclosure of such information for the specific reason(s) that:
_____
_____
_____
_____

3.      Discovery Plan - Plaintiff: The parties jointly propose the following Plaintiff's discovery plan:

---

[1] A party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures. See Fed. R. Civ. P. 26(a)(1).

[2] Information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) must be made "at or within 14 days of the Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan." Fed. R. Civ. P. 26(a)(1). Any party first served or otherwise joined after the Rule 26(f) conference must make these disclosures within 30 days after being served or joined unless a different time is set by stipulation or court order. See Fed. R. Civ. P. 26(a)(1).

Rev: 4/01

Case Management Report
Page 3

      a.  Plaintiff's Planned Discovery: A description of every discovery effort Plaintiff plans to pursue is described below.  The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

      (1) Requests for Admission:  ***Plaintiff may serve Requests for Admission on Defendant within the discovery period in accordance with the Federal Rules of Civil Procedure.***

      Number of Requests for Admission:  Parties may seek to limit the number of Plaintiff's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be made in paragraph 6 below and approved by the court.

      (2) Written Interrogatories:  ***Plaintiff may serve written interrogatories on Defendant within the discovery period in accordance with the Federal Rules of Civil Procedure.***

      Number of Interrogatories:  Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts."  Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

      (3) Requests for Production or Inspection:  ***Plaintiff may serve Requests for Production on Defendant within the discovery period in accordance with the Federal Rules of Civil Procedure.***

Case Management Report
Page 4

    (4) <u>Oral Depositions:</u>  ***Plaintiff may take oral depositions within the discovery period in accordance with the Federal Rules of Civil Procedure.***

Number of Depositions:  Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court."  Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition:   Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

| <u>Name</u> | Proposed length <br> <u>of Deposition</u> | <u>Grounds</u> |
|---|---|---|
| | | |

(cont'd)

| <u>Name</u> | Proposed length <br> <u>of Deposition</u> | <u>Grounds</u> |
|---|---|---|
| | | |

    b.  <u>Disclosure of Expert Testimony</u>:  Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here: **November 1, 2013.**

Rev: 4/01

Case Management Report
Page 5

  c. Supplementation of Disclosures and Responses:  Parties agree that Plaintiff's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times: ***As required by the Federal Rules of Civil Procedure.***

  d.  Completion of Discovery:  Plaintiff will commence all fact discovery in time for it to be completed on or before **October 15, 2013** (date).  Plaintiff will commence all expert discovery in time for it to be completed on or before **December 16, 2013**.

 4. Discovery Plan - Defendant:  The parties jointly propose the following Defendant's discovery plan:

  a. Defendant's Planned Discovery: A description of every discovery effort Defendant plans to pursue is described below.  The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

   (1) Requests for Admission:  ***Defendant may serve Requests for Admission on Plaintiff within the discovery period in accordance with the Federal Rules of Civil Procedure.***

   Number of Requests for Admission:  Parties may seek to limit the number of Defendant's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2).  Any such request must be made in paragraph 6 below and approved by the court.

   (2) Written Interrogatories:  ***Defendant may serve written interrogatories on Plaintiff within the discovery period in accordance with the Federal Rules of Civil Procedure.***

   Number of Interrogatories:  Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and

Case Management Report
Page 6

       subparts."  Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

       (3) <u>Requests for Production or Inspection:</u> ***Defendant may serve Requests for Production on Plaintiff within the discovery period in accordance with the Federal Rules of Civil Procedure.***

       (4) <u>Oral Depositions:</u>   ***Defendant will take the Plaintiff's deposition and may take other depositions of fact and expert witnesses within the discovery period in accordance with the Federal Rules of Civil Procedure***.

       Number of Depositions:  Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court."  Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

       Time Permitted for Each Deposition:  Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

       The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

| <u>Name</u> | Proposed length<br><u>of Deposition</u> | <u>Grounds</u> |
|---|---|---|
|  |  |  |

       b.  <u>Disclosure of Expert Testimony</u>:  Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Defendant's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here: **December 2, 2013**.

       c.  <u>Supplementation of Disclosures and Responses</u>:  Parties agree that Defendant's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:  ***As required by the Federal Rules of Civil Procedure.***

Rev: 4/01

Case Management Report
Page 7

      d.  <u>Completion of Discovery</u>: Defendant will commence all fact discovery in time for it to be completed on or before **October 15, 2013** (date).  Defendant will commence all expert discovery in time for it to be completed on or before **December 16, 2013**.

     5.   <u>Joint Discovery Plan - Other Matters</u>: Parties agree on the following other matters relating to discovery (*e.g.*, handling of confidential information, assertion of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues):

**To the extent there are relevant, non-privileged e-mails or electronically stored information which are responsive to a request for production, the parties agree that hard copies will be produced in accordance with Rule 34 either in hard copy form, by e-mail in PDF format, or on a compact disc in a searchable format. If a party seeks discovery of other electronically stored information, the parties agree to the following protocol. To avoid unnecessary expense, the party from whom such discovery is sought will first test key words on sample sets of data in order to determine the efficacy of various key words to be searched, the relevance and volume of the data that is generated in response, then analyze appropriate custodians, date ranges, computer systems, etc., in order to reach a formula that produces a number of electronic documents that can be reviewed at a reasonable cost in view of the amount at issue in the case and other factors.  Prior to doing so, the parties will work together to agree to a set of key search terms. The producing party agrees to identify the individual who performs such testing as noted above. The party seeking production of electronically stored information will bear the associated costs, however, nothing herein shall preclude either party from seeking an alternative apportionment of costs based on a proper showing.**

**The parties agree to work cooperatively and enter into a stipulation regarding confidentiality and the exchange of confidential information prior to the production of documents. The parties agree the Court will enforce appropriate stipulated and signed confidentiality agreements in accordance with Local Rule 4.15.**

**To the extent any confidential or privileged information is inadvertently disclosed, the parties agree that the documents/information will be returned and the information not used.**

     6.   <u>Disagreement or Unresolved Issues Concerning Discovery Matters</u>:  Any disagreement or unresolved issue will not excuse the establishment of discovery completion dates.  The parties are unable to agree as to the following issues concerning discovery: **None.**

Rev: 4/01

Case Management Report
Page 8

    7.    <u>Third Party Claims, Joinder of Parties, Potentially Dispositive Motions</u>: Parties agree that the final date for filing:

    a. motions for leave to file third party claims and/or motions to join parties should be **May 15, 2013**.

*Plaintiff intends to move to amend the Complaint to add claims under Title VII and the Florida Civil Rights Act after Plaintiff has exhausted the administrative requirements. Defendant reserves the right to respond to Plaintiff's motion to amend in accordance with the Federal Rules of Civil Procedure.*

    b. motions for summary judgment and all other potentially dispositive motions should be **January 16, 2014**. (Note time limit in Local Rule 4.03.)

    8.    <u>Settlement and Alternative Dispute Resolution</u>: Pursuant to Local Rule 3.05(c)(2)(C)(v), the parties submit the following statement concerning their intent regarding Alternative Dispute Resolution:

Parties agree that settlement is
___ likely    (check one)
**X** unlikely.

Parties agree to consent to binding arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b). ____ yes   **X**   no   ____ likely to agree in future

If binding arbitration is not agreed to, the court may order nonbinding arbitration pursuant to Chapter Eight of the Local Rules of the Middle District of Florida, mediation pursuant to Chapter Nine of the Local Rules of the Middle District of Florida, or both.

    9.    <u>Consent to Magistrate Judge Jurisdiction</u>: The parties agree to consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial. <u>See</u> 28 U.S.C. § 636.
____ yes   **X**   no   ____ likely to agree in future

    10.    <u>Preliminary Pretrial Conference</u>:
Track Three Cases: Local Rule 3.05(c)(3)(B) provides that preliminary pretrial conferences are mandatory in Track Three Cases.

Rev: 4/01

Case Management Report
Page 9

       Track Two Cases:  Parties
       ___request   (check one)
       **X**  do not request
a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case.  Unresolved issues to be addressed at such a conference include:


     11.    <u>Final Pretrial Conference and Trial</u>:  Parties agree that they will be ready for a final pretrial conference on or after **April 16, 2014** (date) and for trial on or after **May 5, 2014** (date).  This **Jury  X  Non-Jury** trial is expected to take approximately **40** hours.


     12.    <u>Pretrial Disclosures and Final Pretrial Procedures</u>:  Parties acknowledge that they are aware of and will comply with pretrial disclosures requirements in Fed. R. Civ. P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.


     13.    <u>Other Matters</u>: **None**.


| | |
|---|---|
| **_s/Luis A. Cabassa_** | **_s/Gregory A. Hearing_** |
| LUIS. A. CABASSA | GREGORY A. HEARING |
| Florida Bar No. 0053643 | Florida Bar No.: 817790 |
| Wenzel Fenton Cabassa, P.A. | **ghearing@tsghlaw.com** |
| 1110 N. Florida Ave., Ste. 300 | SACHA DYSON |
| Tampa, FL 33602 | Florida Bar No.: 509191 |
| Tel: (813) 224-0431 | **sdyson@tsghlaw.com** |
| Fax: (813) 229-8712 | THOMPSON, SIZEMORE, |
| Attorney for Plaintiff | GONZALEZ |
| | & HEARING, P.A. |
| | 201 N. Franklin Street, Suite 1600 |
| | Post Office Box 639 (33601) |
| | Tampa, Florida, 33602 |
| | Tel:  (813) 273-0050 |
| | Fax:  (813) 273-0072 |
| | Attorneys for Defendant |

Rev: 4/01

Case Management Report
Page 10

Rev: 4/01