UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CHRISTIANA HILL MOSELEY,**

    **Plaintiff,**

v.                                                  Case No.  8:12-cv-2666-T-30EAJ

**McKESSON MEDICAL-SURGICAL, INC.,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Count II of Plaintiff's Amended Complaint (Dkt. 20) and Plaintiff's Response in opposition (Dkt. 21). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted without prejudice to Plaintiff to file a second amended complaint.

## DISCUSSION

In this employment case, Plaintiff's original complaint, filed on November 26, 2012, contained one count under the Equal Pay Act. Plaintiff Christiana Hill Moseley alleged that her employer Defendant McKesson Medical-Surgical, Inc. ("McKesson") paid her less than her male counterparts for equal work during her employment.

On June 12, 2013, Moseley filed an amended complaint, with leave of Court, which added a claim of sex discrimination under the Florida Civil Rights Act of 1991 ("FCRA").

Moseley alleges that McKesson subjected Moseley "to disparate treatment based on her sex, including being paid less than her male counterparts." (Dkt. 19 at ¶14).

McKesson now moves to dismiss Moseley's FCRA sex discrimination claim because Moseley alleges only legal conclusions in support of this claim. The Court agrees.

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). On the contrary, legal conclusions "must be supported by factual allegations." *Id.* Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

Here, Moseley's sex discrimination claim is not supported by factual allegations. As McKesson points out, the only facts pled in support of Count II are that Moseley is female, was employed by McKesson, and was paid less than men who held the same position. These facts do not support a claim of intentional discrimination in violation of the FCRA. And merely alleging that Moseley was "subjected to disparate treatment based on her sex" and that McKesson's actions "were willful and done with malice" are insufficient to state an

actionable claim because these statements amount to legal conclusions. Moseley needs to plead *facts* that support these conclusory statements.

In sum, Count II simply sets forth threadbare recitals of the elements of a violation of the FCRA; this is insufficient to state a claim under Fed. R. Civ. P. 12(b)(6).

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendant's Motion to Dismiss Count II of Plaintiff's Amended Complaint (Dkt. 20) is granted to the extent set forth herein. Count II of Plaintiff's Amended Complaint is dismissed without prejudice.

2. Plaintiff may file a Second Amended Complaint within fourteen (14) days of this Order to add a claim under the FCRA if Plaintiff can plead sufficient facts in support of this claim consistent with the Court's ruling herein.

**DONE** and **ORDERED** in Tampa, Florida on July 11, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2012\12-cv-2666.M2D20.wpd